

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIE FRANK WRIGHT JR.,

                Plaintiff,

-against-

SEAN CARTER, JAY Z,

                Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
13-CV-6251 (ARR)

ROSS, United States District Judge:

On November 6, 2013, plaintiff Willie Frank Wright, Jr., a prisoner incarcerated at the Macon State Prison in Oglethorpe, Georgia, filed this pro se action against defendant alleging copyright infringement. He seeks $10 million in damages. The court grants plaintiff's request to proceed in forma pauperis ("IFP") solely for the purpose of this order. For the reasons set forth below, the court directs plaintiff to provide an address where defendant or his agent resides or can be found within 30 days from the entry of this order.

## BACKGROUND

Plaintiff's statement of claim consists of the following:

> In 2009, Sean Carter's agent was sent a demo, and a request to make a mixed video to display on You Tube. I contacted Sean Carter's agent and he gave the OK to make a mixed video using Jay Z's content. However, in late 2011 around November I found that the mixed video on You Tube was blocked by You Tube due to Sean Carter a.k.a. Jay Z and that Jay Z has used my sound's created by me and stolen my beats master's created by me. The site where the music is posted is on You Tube.com/JMAN1Willie and JMAN2010Willie, "No Spaces." Sean Carter/Jay Z has no right to use my patents and copyrighted material to make money unless I consent and or am paid, therefor due to the facts I request for damages in the amount of Ten Million Dollars $10,000,000.00.

Compl. 1.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and that each averment be 'concise, and direct.'" Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R.Civ. P. 8(a)(2), 8(d)(1)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

While pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted)).

Nonetheless, the court is required to dismiss a complaint, filed in forma pauperis, if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Pursuant to 28 U.S.C. § 1400(a), "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." A copyright infringement defendant "may be found," for venue purposes, "wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). Here, plaintiff does not provide an address for either defendant Sean Carter or his agent, therefore, the court cannot determine if this is the proper venue in which to file this action. Moreover, it appears that plaintiff intended to file this action in the Southern District of New York as the complaint is captioned for that court, see Compl. 1, although the complaint was mailed to the Eastern District of New York.

## CONCLUSION

Accordingly, the court directs plaintiff to provide a complete address where either defendant or his agent resides or can be found within 30 days from the entry of this order. If venue is not proper in the Eastern District of New York, the case shall be transferred to the appropriate district court. See 28 U.S.C. § 1404. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
December 30, 2013

**SERVICE LIST**

**Willie Frank Wright, Jr.**
9047S6
Macon State Prison
PO Box 426
Oglethrope, GA 31068